## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY L. SEWELL, | : | CIVIL NO: 1:22-CV-01479 |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| v. | : | |
| ZACHARIAH LLOYD, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. Introduction.

The plaintiff, Gregory L. Sewell ("Sewell"), claims that his civil rights were violated during his criminal prosecution. Currently pending before this court is a motion to dismiss the amended complaint for failure to state a claim. For the reasons set forth below, we will exercise our jurisdiction pursuant to 28 U.S.C. § 636(c),[1] and we will grant the pending motion to dismiss.

### II. Background and Procedural History.

Sewell commenced this action pro se on September 21, 2022, by filing a complaint. *Doc. 1*. After we granted Sewell's application to proceed *in forma pauperis* (*docs. 4, 6*), we conducted an initial review of the complaint pursuant to

---

[1] The parties consented to our jurisdiction on June 13, 2023. *Doc. 20*.

28 U.S.C. § 1915(e), concluded that the complaint failed to state a claim, and granted Sewell leave to file an amended complaint. *Doc. 7*. On March 27, 2023, Sewell filed an amended complaint bringing claims against a single defendant, Officer Zachariah Lloyd ("Officer Lloyd"). *Doc. 8*. The following facts are taken from the amended complaint.

On April 2, 2021, Sewell was driving a Chrysler 300 when a silver Ford SUV ('the SUV") collided with his vehicle and drove away ("the accident"). *Id.* at 2. Sewell remained at the scene of the accident for 30 minutes, waiting for the police to arrive. *Id.* While he waited, Sewell called State Farm Insurance ("State Farm"). *Id.* The State Farm agent told Sewell and his wife[2] to take the Chrysler 300 to Apple Collision Center of Hanover, Pennsylvania ("Apple Collision Center"). *Id.* Sewell and his wife thus dropped the Chrysler 300 off at Apple Collision Center. *Id.* An unspecified number of days later, an Apple Collision Center manager informed Sewell and his wife that a police officer "stole" the bumper of the Chrysler 300 to make a report. *Id.*

Officer Lloyd submitted a police report containing a very different set of facts surrounding the accident. *Id.* According to Officer Lloyd, he arrived at the scene of the accident ("the scene") within five minutes of the accident and spoke to the driver of the SUV ("SUV driver") to complete a report. *Id.* Officer Lloyd

---

[2] It is not clear when Sewell's wife became involved. *See doc. 8*.

reported that it was Sewell who had collided with the SUV and left the scene while the SUV driver remained at the scene. *Id.*

Sewell was criminally charged with "hit and run,[ ] not stopping to render aid, [and] running a stop sign" ("the charges"). *Id.* Although Sewell wanted to go to trial, the charges were dropped on August 25, 2022, despite "the [district attorney] [lying] to the Judge . . . as if [Sewell] [were] guilty for this accident [sic] [.]" *Id.* Sewell attributes the decision to drop the charges both to Officer Lloyd's and "the Plaintiff['s]" failure to appear and to the district attorney's discovery that Sewell had witnesses to attest to his version of events. *Id.*

In the amended complaint, Sewell brings claims under nine statutes: (1) "Rule 23"; (2) 8 U.S.C. § 1324c; (3) 15 U.S.C. § 1692d; (4) 18 U.S.C. § 242; (5) 18 U.S.C. § 1621; (6) 26 U.S.C. § 7206; (7) 42 U.S.C. § 1983; (8) 48 U.S.C. § 1421b; (9) 25 C.F.R. § 11.411. *Id.* at 1. Sewell seeks $1,000,000 in damages and that Officer Lloyd "be found guilty of" violating Sewell's civil rights. *Id.* at 3.

On May 26, 2023, Officer Lloyd filed a motion to dismiss the complaint and a brief in support thereof. *Docs. 17, 18.* After first filing a letter (*doc. 22*) that did not satisfy his obligation to file a brief in opposition to the motion to dismiss (*see*

*doc. 23*) and being granted an extension of time (*doc. 25*), Sewell filed a brief in opposition to the motion to dismiss (*doc. 27*).[3]

Meanwhile, on June 1, 2023, we held a telephonic Case Management Conference. *See docs. 15, 19*. After this conference, we dismissed all claims brought under 8 U.S.C. § 1324c, 15 U.S.C. § 1692d, 18 U.S.C. §§ 242, 1621, 26 U.S.C. § 7206, 48 U.S.C. § 1421b, and 25 C.F.R. § 11.411.[4] *Doc. 21*. The only remaining claims, therefore, are those brought under 42 U.S.C. § 1983 and "Rule 23."[5] *See docs. 8, 23*.

### III.  Pleading and Motion-to-Dismiss Standards.

In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss under Rule 12(b)(6) "[w]e must accept all factual

---

[3] Although the brief was filed after the extended deadline, because of Sewell's stated attempt to timely file the brief (*see* docket annotations) and his pro se status, we will consider this brief. *Doc. 27*.

[4] In our order, we mistakenly cited to 15 C.F.R. § 11.411. *See doc. 21* at 1. This was a typographical error. Sewell does not attempt to bring claims under 15 C.F.R. § 11.411. *Doc. 8*.

[5] We do not know to what "Rule 23" Sewell refers. To the extent he means to cite Fed. R. Civ. P. 23, not only is this not a statute pursuant to which an individual can bring a cause of action, but it also pertains only to class actions and, as such, is irrelevant. We will dismiss any claims brought pursuant to this enigmatic "Rule 23" and not discuss them further.

allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. Of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

In his brief in support of the motion to dismiss, Officer Lloyd argues that Sewell's amended complaint is both procedurally and substantively deficient. *Doc. 18*. According to Officer Lloyd, Sewell fails to follow Fed. R. Civ. P. 8 because the amended complaint "does not contain a short and plain statement of Sewell's claims" and instead "contains a confusing factual narrative with multiple, unclear legal claims." *Id.* at 6. Officer Lloyd further argues that Sewell fails to state a malicious prosecution claim because Sewell fails to allege lack of probable cause, malice, or deprivation of liberty. *Id.* at 7.

In his brief in opposition, Sewell reiterates that the criminal charges against Sewell were dropped and provides contact information for alleged witnesses that would testify to his side of the story. *Doc. 27.* Sewell also again tells his story of the accident, with some additional detail and allegations. *See id.* To the extent Sewell is attempting to enter new facts in his brief, we will not consider these facts.[6] Sewell does not further address Officer Lloyd's arguments.[7] *See id.*

Sewell's remaining claims are brought under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish (1) a deprivation of a federally protected right and (2) that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). Although

---

[6] It is axiomatic that a complaint cannot be amended through a brief. *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173 (3d Cir. 1988).

[7] On September 26, 2023, Sewell filed a document with the court which the Clerk of Court docketed as a "supplement." *Doc. 28.* This document appears to be a printout of Sewell's current medications. *Id.* This is irrelevant at this stage in the case, and we will, therefore, not consider it further.

Sewell is not clear what rights he is claiming were violated, construing the amended complaint broadly, Sewell attempts to bring a claim against Officer Lloyd for malicious prosecution.

To state a malicious prosecution claim, the plaintiff must "show that: '(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendants initiated the proceeding without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) he suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018) (quoting *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017)).

As to the first factor, the amended complaint alleges that Officer Lloyd initiated Sewell's criminal prosecution by filing a criminal report which resulted in the charges.

Turning to the second factor, we must note that "[a] Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." *Thompson v. Clark*, No. 20-659, 2022 WL 994329, at *7 (U.S. Apr. 4, 2022). Rather, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Id.* Because Sewell alleges that the charges were dropped, Sewell has fulfilled the second element of a malicious prosecution claim.

Sewell, however, again fails to allege facts sufficient to fulfill the final three elements of a malicious prosecution claim. Sewell alleges that Officer Lloyd's report did not reflect reality, but he does not address the possibility that Officer Lloyd may still have had probable cause to file the charges, nor did he allege malice on Officer Lloyd's part. Sewell also fails to allege he was deprived of his liberty. Accordingly, the amended complaint fails to state a malicious prosecution claim upon which relief can be granted.

## V. Conclusion.

For the foregoing reasons, we grant the motion to dismiss. *Doc. 17*. An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
